## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-CV-07146-RGK-SKX | Date | February 16, 2018 |
|---|---|---|---|
| Title | ***Deckers Outdoor Corp. v. Forever Link International, Inc.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order re Defendant Step Up International Inc.'s Motion to Set Aside Clerk's Entry of Default [DE 40]**

### I.   INTRODUCTION

On September 27, 2017, Plaintiff Deckers Outdoor Corporation ("Plaintiff") filed a complaint against Defendants Forever Link International, Inc., Step Up International, Inc., Shoe Whatever LLC, and JJF Shoes alleging trade dress infringement, unfair competition, and patent infringement under federal and state law.

On November 10, 2017, Defendant Step Up International, Inc. ("Step Up" or "Defendant") was served with summons and the complaint but failed to timely respond. On December 7, 2017, Plaintiff's counsel requested entry of default against Step Up and on December 8, 2017, the Clerk of the Court entered default.

Presently before the Court is Step Up's Motion to Set Aside Entry of Default pursuant to Federal Rule of Civil Procedure ("Rule") 55(c).

For the following reasons, the Court **GRANTS** Step Up's Motion.

### II.   FACTUAL BACKGROUND

On November 10, 2017, service of summons and complaint was made by personal service upon Step Up's manager, Echo Liu.

Liu asserts that upon service of process, she contacted Step Up's insurance carrier regarding coverage for the instant case. Liu states that shortly thereafter, she became ill and took time off work as a result but believed Step Up's insurance carrier would handle the matter.

However, Step Up failed to file a responsive pleading by the December 1, 2017 deadline. On December 7, 2017, Plaintiff filed a Request for the Clerk to Enter Default against Step Up for failure to

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:17-CV-07146-RGK-SKX | | Date | February 16, 2018 |
|---|---|---|---|---|
| Title | *Deckers Outdoor Corp. v. Forever Link International, Inc.* | | | |

timely file a responsive pleading. On December 8, 2017, the Clerk entered default against Step Up, pursuant to Fed. R. Civ. P. 55(a).

When Liu returned to work, she discovered that the insurance company was still determining eligibility of coverage. Liu immediately sought to obtain counsel and became aware that Default had been entered against Step Up. She then moved to set aside the default.

### III.   JUDICIAL STANDARD

Rule 55(c) authorizes a district court to "set aside entry of default for good cause." Fed. R. Civ. P. 55(c). Determining whether a party has demonstrated "good cause" to be afforded relief from default is within the Court's discretion. *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969). Where a party seeks to set aside an entry of default, as opposed to a default judgment, this discretion is particularly broad. *Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000). In the Ninth Circuit, three factors govern the Court's decision to grant relief: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice the plaintiff. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

### IV.   DISCUSSION

Step Up moves the Court to set aside entry of default because its delay in response was not culpable, it has a meritorious defense to the claims alleged, and no prejudice will be suffered by Plaintiff as a result. The Court agrees that Step Up has satisfied all three elements required to set aside entry of default.

#### A.   Culpable Conduct

Step Up does not deny being properly served and failing to timely appear. However, in the Ninth Circuit, culpable conduct is "not simply nonappearance following receipt of notice of the action." *Gregorian v. Izvestia*, 871 F.2d 1515, 1525 (9th Cir. 1989). Rather, conduct is considered culpable where a defaulting party acted "devious, deliberate, willful, or [in] bad faith" in failing to respond. *Kingvision Pay–Per–View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999).

Here, there is no indication that Step Up acted willfully or in bad faith in defaulting. Instead, the facts indicate that Step Up's failure to timely appear was due to Liu's mistaken belief that the insurance carrier would provide coverage. Moreover, Liu in good faith moved to have the default set aside as soon as she discovered the insurance company had not defended the action. As Step Up did not act deviously or in bad faith, the Court finds that entry of default was not the result of culpable conduct.

#### B.   Meritorious Defense

In order to have entry of default set aside, Step Up must also present specific facts that would constitute a meritorious defense. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:17-CV-07146-RGK-SKX | Date | February 16, 2018 |
|----------|-----------------------|------|-------------------|
| Title | *Deckers Outdoor Corp. v. Forever Link International, Inc.* | | |

The burden on the movant is not extraordinarily heavy. *Id.* A defense is considered meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

In this case, the Proposed Answer filed in conjunction with Step Up's motion for relief asserts multiple defenses including failure to state a claim upon which relief can be granted, preemption, unclean hands, statute of limitations, invalid patents, and innocent infringement. Upon review of Step Up's arguments, the Court finds its assertions sufficient to state a meritorious defense.

### C.     Prejudice

Finally, if setting default aside would prejudice the plaintiff, relief should not be granted. Plaintiff would be prejudiced if its ability to pursue its claim were hindered by "loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusions." *TCI Grp. Life Ins. Plan*, 244 F.3d at 701. Here, because Plaintiff does not oppose the motion, the Court finds that Plaintiff will not be prejudiced if entry of default is set aside.

Accordingly, setting aside entry of default against Step Up in this case is appropriate.

### V.     CONCLUSION

In light of the foregoing, the Court hereby **GRANTS** Step Up's Motion to Set Aside Entry of Default. (DE 40.)

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer                     _____