Alexander Chen [SBN 245798]
Alexc@inhouseco.com
Theodore S Lee [SBN 281475]
Tlee@inhouseco.com
INHOUSE CO.
7700 Irvine Center Drive, Suite 800
Irvine, CA 926181364
Tel:408-918-5393
Fax:714-882-7770

*Attorneys for Defendant*
*Step Up International, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FOREVER LINK INTERNATIONAL, INC., a California Corporation; STEP UP INTERNATIONAL, INC., a California Corporation; SHOE WHATEVER LLC, a California Limited Liability Company; JJF SHOES, an unknown business entity; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: 2:17-cv-07146-RGK (SKx)<br><br>**DEFENDANT STEP UP INTERNATIONAL, INC'S ANSWER TO COMPLAINT**<br><br>**Honorable R. Gary Klausner**<br><br>Complaint Filed: Sept. 27, 2017 |

COMES NOW Defendant Step Up International, Inc. ("Defendant" or "Step Up") and hereby answer the Complaint filed by Plaintiff Deckers Outdoor Corporation ("Deckers" or "Plaintiff") on September 27, 2017 and asserts Declaratory Judgment Counterclaims of Noninfringement as follows:

**ANSWER**

This Answer is based on Step Up's knowledge as to its own activities, and upon information and belief as to the activities of others.  The numbered paragraphs herein correspond

to the like-numbered paragraphs of the Complaint, to the extent applicable. Step Up denies each and every allegation contained in the Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that may arguably follow from the admitted facts. Step Up denies that Deckers is entitled to the relief requested or any other.

**JURISDICTION AND VENUE**

1. Defendant admits, based solely on the allegations of the Complaint and without admitting them as true, that the Complaint purports to allege an action for trade dress infringement, patent infringement under 28 U.S.C. §§ 1331, 1338, and for related claims of statutory and common law of the State of California, and that this Court has subject matter jurisdiction over an action for patent infringement.

2. Defendant admits that this Court has personal jurisdiction over Defendant.

3. Defendant denies all allegations contained in paragraph 3 as they pertain to Step Up, and particularly denies that it has committed any wrongful acts of infringement in California or elsewhere. Defendant will agree to venue in this District for the purpose of this action only. Defendant denies any allegation or suggestion that venue is proper or convenient in this District for all actions. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 3 as they pertain to Plaintiff and therefore denies these allegations.

**THE PARTIES**

4. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 4 and therefore denies these allegations.

5. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 5 and therefore denies these allegations.

6. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 6 and therefore denies these allegations.

7. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 7 and therefore denies these allegations.

8. Defendant admits that it has an office and principal place of business located at 308 E. San Antonio Ave., El Paso, Texas 79901.

9. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 9 and therefore denies these allegations.

10. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 10 and therefore denies these allegations.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

11. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 11 and therefore denies these allegations.

12. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 12 and therefore denies these allegations.

13. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 13 and therefore denies these allegations.

14. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 14 and therefore denies these allegations.

15. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 15 and therefore denies these allegations.

16. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 16 and therefore denies these allegations.

17. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 17 and therefore denies these allegations.

18. Defendant admits that it advertises, markets, distributes, offers for sale, and sells and fulfills and ships footwear for women from its location in El Paso, Texas. Defendant denies that it sold the Accused Products.

19. Defendant denies that it has committed any acts of infringement, willful or otherwise, on any of Deckers' intellectual property rights, including design patent and/or trade dress. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 19 and therefore denies these allegations.

20. Defendant denies that it sold the Accused Products. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 20 and therefore denies these allegations.

21. Defendant admits that Defendant and Plaintiff both sell footwear. Defendant denies the balance of paragraph 21 and expressly denies that it copied Deckers' designs.

22. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 22 and therefore denies these allegations.

23. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 23 and therefore denies these allegations.

24. Answering paragraph 24 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.

## FIRST CLAIM FOR RELIEF

### (Trade Dress Infringement – 15 U.S.C. § 1125(a))

25. Defendant incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.

26. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 26 and therefore denies these allegations.

27. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 27 and therefore denies these allegations.

28. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 28 and therefore denies these allegations.

29. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 29 and therefore denies these allegations.

30. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 30 and therefore denies these allegations.

31. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 31 and therefore denies these allegations.

32. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 32 and therefore denies these allegations.

33. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 33 and therefore denies these allegations.

34. Defendant denies that infringed on Defendant's Trade Dress. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained paragraph 34 and therefore denies these allegations.

35. Defendant admits that Defendant and Plaintiff both sell footwear. Defendant denies the balance of paragraph 35 and expressly denies that it copied Deckers' designs.

36. Answering paragraph 36 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.

37. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 37 and therefore denies these allegations.

38. Answering paragraph 38 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.

39. Answering paragraph 39 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.

40. Answering paragraph 40 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF

**(Trade Dress Infringement under California Common Law)**

41. Defendant incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.

42. Answering paragraph 42 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.

43. Answering paragraph 43 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.

1  44.  Answering paragraph 44 of the Complaint, Defendant generally and specifically denies each
2  and every allegation contained therein.
3  45.  Answering paragraph 45 of the Complaint, Defendant generally and specifically denies each
4  and every allegation contained therein.
5  46.  Answering paragraph 46 of the Complaint, Defendant generally and specifically denies each
6  and every allegation contained therein.
7  47.  Answering paragraph 47 of the Complaint, Defendant generally and specifically denies each
8  and every allegation contained therein.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition – California Unfair Business Practice Act

### Cal. Bus. & Prof. Code § 17200, et. seq.)

48.  Defendant incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.
49.  Answering paragraph 49 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.
50.  Answering paragraph 50 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.
51.  Answering paragraph 51 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.
52.  Answering paragraph 52 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.
53.  Answering paragraph 53 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition under California Common Law)

54.  Defendant incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.

55. Answering paragraph 55 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.

56. Defendant admits that Defendant and Plaintiff both sell footwear. Defendant generally and specifically denies the balance of paragraph 56.

57. Answering paragraph 57 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.

58. Answering paragraph 58 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.

59. Answering paragraph 59 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.

60. Answering paragraph 60 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.

61. Answering paragraph 61 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.

## FIFTH CLAIM FOR RELIEF

### (Patent Infringement – U.S. Patent No. D599,999)

62. Defendant incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.

63. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 63 and therefore denies these allegations.

64. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 64 and therefore denies these allegations.

65. Answering paragraph 65 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.

66. Answering paragraph 66 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.

67. Answering paragraph 67 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.

68. Answering paragraph 68 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.

69. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 69 and therefore denies these allegations.

70. Answering paragraph 70 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.

71. Answering paragraph 71 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.

72. Answering paragraph 72 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.

## SIXTH CLAIM FOR RELIEF

### (Patent Infringement – U.S. Patent No. D584,889)

73. Defendant incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.

74. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 74 and therefore denies these allegations.

75. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 75 and therefore denies these allegations.

76. Answering paragraph 76 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.

77. Answering paragraph 77 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.

78. Answering paragraph 78 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.

79. Answering paragraph 79 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.

80. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 80 and therefore denies these allegations.

81. Answering paragraph 81 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.

82. Answering paragraph 82 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.

83. Answering paragraph 83 of the Complaint, Defendant generally and specifically denies each and every allegation contained therein.

**PRAYER FOR RELIEF**

Step Up denies the underlying allegations of Deckers' prayer for relief against Step Up, denies that Deckers is entitled to any relief whatsoever, and requests that the Court deny all relief to Deckers and enter judgment in favor of Step Up on all counts and award Step Up its costs and reasonable attorneys' fees and any further relief as the Court may deem appropriate.  To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, J Step Up denies them.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

Step Up asserts the following additional defenses in response to Deckers' Complaint.  Discovery has not begun at the time of this Answer, and Step Up therefore has not yet had an opportunity to collect and review all the information that may be relevant to the matters and issues raised herein.  Step Up accordingly reserves the right to seek to amend, modify, and/or expand these defenses and to take further positions as discovery proceeds in this case.  Assertion of a defense is not a concession that Step Up has the burden of proving the matter asserted.

//
//
//

<u>First Affirmative Defense</u>

(Failure to State a Claim)

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

<u>Second Affirmative Defense</u>

(Equitable Defenses)

2. Plaintiff is barred or limited from recovery, in whole or in part, by the equitable doctrines of laches, waiver, acquiescence, unclean hands, estoppel, and/or misuse.

### Third Affirmative Defense

(Non-Infringement)

3. Step Up does not infringe of any valid and enforceable claim of any patent rights of Plaintiff related to the D599,999 and D584,889 patents, either literally or under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability.

### Fourth Affirmative Defense

(Invalidity)

4. Plaintiff's claims of patent infringement are each invalid for failure to meet the requirements of 35 U.S.C. § 101 et seq., including, without limitation, §§ 101, 102, 103, 112, and/or 116, and the rules, regulations, and laws pertaining thereto.

### Fifth Affirmative Defense

(No Damages)

5. Without admitting any truth to the allegations contained in the Complaint, Defendant contends that there has been no damage in any amount, manner or at all by reason of any alleged acts by Defendant.

### Sixth Affirmative Defense

(Preemption)

6. Plaintiff's state law claims of Unfair Competition and trade dress infringement are preempted by federal patent and trade dress laws.

//

//

### Seventh Affirmative Defense

(No Willful Infringement)

7. Defendant is not liable for punitive or exemplary damages because neither Defendant nor its officers, directors, or managing agents acted intentionally or willfully to commit any infringing acts.

<u>Eighth Affirmative Defense</u>

8. Plaintiff has not alleged facts, and Defendant has not engaged in the type of conduct, which would entitle Plaintiff to an award of punitive damages, statutory fees, attorneys' fees or costs against Defendant.

<u>Ninth Affirmative Defense</u>

9. Plaintiff's trade dress is functional.

<u>Tenth Affirmative Defense</u>

10. Step Up has not used Plaintiff's designs as trade dress in commerce.

<u>Eleventh Affirmative Defense</u>

11. Plaintiff's trade dress is non-distinctive.

**COUNTERCLAIMS OF STEP UP**

12. Step Up brings these Counterclaims against Deckers pursuant to Rule 13 of the Federal Rules of Civil Procedure and seeks determination that Deckers' trade dress claim is meritless.

<u>FIRST COUNTERCLAIM</u>

(Declaratory Judgment of invalidity and non-infringement

of Deckers' alleged trade dress)

13. Step Up incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.

14. This is a cause of action for declaratory judgment that Deckers' alleged trade dress is not valid or protectable and that Step Up's footwear do not infringe Deckers' purported trade dress rights. This Court has subject matter over this cause of action pursuant to 28 U.S.C. §§ 1131, 1138(a), 2201, and 2202.

15. A justiciable case or actual controversy has arisen and exists between Deckers and Step Up because in the Complaint filed in the present action, Deckers has alleged that it has a valid and protectable trade dress and that Step Up's footwear infringe Deckers' purported trade dress rights.

16. Deckers' alleged trade dress is functional and therefore not protectable as trade dress.

17. Deckers' alleged trade dress is also aesthetically functional and is therefore not protectable as trade dress.

18. Step Up seeks a declaration that Deckers' trade dress is invalid and unenforceable because it is functional, including aesthetically functional and therefore that Step Up's footwear cannot and do not infringe Deckers' purported trade dress.

19. Even assuming Deckers could establish non-functionality, Deckers' alleged trade dress is not inherently distinctive as a matter of law and has not acquired secondary meaning in the minds of consumers as indicating a single source, affiliation, or sponsorship.

20. Deckers' alleged trade dress does not serve as a source-indicator due to the prevalence of third-party footwear exhibiting features claimed by Deckers to indicate source.

21. Because Deckers does not have a valid and protectable trade dress, Step Up's advertisement, distribution, and sale of its shoes cannot constitute unfair competition or infringement of Deckers' trade dress rights.

22. Step Up's footwear contains prominent marking of its shoes with its trademarks and therefore precludes any likelihood of confusion as to the source or other affiliation of Deckers' shoes.

23. Even if Deckers does have some valid trade dress interest in its shoes, Step Up's footwear do not infringe Deckers' purported trade dress rights.

24. To the extent that any similarity exists between Step Up and Deckers shoes, those similarities are based on functionality and/or are common design elements used by third parties such that there is no source-identification arising therefrom.

DATED:        March 26, 2018            INHOUSE CO.

                                        By:    */s/ Theodore S. Lee*
                                               Theodore S. Lee, Esq.
                                               Alexander Chen, Esq.
                                               **Attorneys for Defendant**
                                               **Step Up International, Inc.**