Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Jessica C. Covington (SBN 301816)
jcovington@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>FOREVER LINK INTERNATIONAL, INC., a California Corporation;  STEP UP INTERNATIONAL, INC., a California Corporation; SHOE WHATEVER LLC, a California Limited Liability Company; JJF SHOES, an unknown business entity; and DOES 1-10, inclusive,<br><br>    Defendants. | CASE NO.: 2:17-cv-07146-RGK (SKx)<br><br>**JOINT REPORT OF PARTIES' RULE 26(f) CONFERENCE**<br><br>**<u>Scheduling Conference:</u>**<br><br>Date:        April 16, 2018<br>Time:        9:00 a.m.<br>Courtroom:  850 - Roybal<br><br>**Hon. R. Gary Klausner** |

Counsel for Plaintiff Deckers Outdoor Corporation ("Plaintiff" or "Deckers") and Defendants Forever Link International, Inc., Step Up International, Inc., Shoe Whatever LLC, and JJF Shoes (hereinafter collectively, "Defendants") (Plaintiff and Defendants will collectively be referred to as the "Parties") hereby submit this Joint Report and propose the following Report of Parties' Planning Meeting.  The positions set forth in this report are based on counsels' current understanding of the legal and factual issues involved in the case.  The Parties acknowledge that as discovery proceeds and the case progresses, the beliefs and views set forth herein may change or

1  evolve.

2  **A.**    <u>**STATEMENT OF CASE AND FACTUAL SUMMARY**</u>

3       Deckers filed the present action against Defendants on September 27, 2017

4  alleging claims of (1) Trade Dress Infringement under the Lanham Act; (2) Trade

5  Dress Infringement under California Common Law; (3) Patent Infringement – U.S.

6  Patent No. D599,999; (4) Patent Infringement – U.S. Patent No. D584,889; (5) Unfair

7  Competition under Cal. Bus. & Prof. Code § 17200, *et seq.*; and (6) Unfair

8  Competition under California Common Law after discovering the advertisement,

9  offering for sale, and/or sale of footwear which infringe upon Deckers' UGG® boot

10  designs, to which Deckers owns design patent and/or trade dress rights, including

11  rights to the UGG® "Bailey Button" and "Upside" boots, by Defendants.

12       Defendant Forever Link International, Inc. ("Forever Link") filed its Answer to

13  the Complaint on December 1, 2017.  Defendant JJF Shoes filed its Answer and

14  Counterclaims on December 13, 2017, and Defendant Shoe Whatever LLC ("Shoe

15  Whatever") filed its Answer and Counterclaims on December 14, 2018.

16       Deckers filed its Answers to the Counterclaims filed by Shoe Whatever and JJF

17  Shoes on December 21, 2018.

18       After Defendant Step Up International, Inc. ("Step Up") failed to timely file an

19  Answer, the clerk of this Court entered default against it. On January 9, 2018, Step Up

20  filed a Motion to Set Aside Entry of Default, which was granted by this Court on

21  February 16, 2018.  Step Up filed its Answer and Counterclaims on March 30, 2018.

22  **B.**    <u>**SUBJECT MATTER JURISDICTION**</u>

23       This Court has subject matter jurisdiction over the claims alleged in this action

24  pursuant to 28 U.S.C. §§ 1331, 1338.

25  **C.**    <u>**LEGAL ISSUES**</u>

26       (1)    Whether Defendants, together and/or separately are liable for trademark

27              infringement.

28       (2)    Whether Defendants, together and/or separately are liable for trademark

infringement.

(3)  Whether Plaintiffs have any valid and enforceable trade dress rights and whether such rights were violated by Defendants' alleged actions including any sales of the disputed products.

(4)  Whether Defendants acted knowingly, willfully, and/or intentionally.

(5)  In the event liability is found, the type and amount of damages awardable to Deckers on the claims alleged.

**D.   LIKELIHOOD OF APPEARANCE OF ADDITIONAL PARTIES**

The Parties reserve the right to amend pleadings to add additional parties or to include any additional claims that each may discover are appropriate after conducting discovery.

**E.   PARTIES AND EVIDENCE**

The Parties are as follows:

- Plaintiff:     Deckers Outdoor Corporation
- Defendants:   Forever Link International, Inc.
                       Step Up International, Inc.
                       Shoe Whatever, LLC
                       JJF Shoes

**Percipient witnesses** currently known to the parties are as follows:

- Lisa Bereda, Deckers Outdoor Corporation;
- Jennifer MacIntyre;
- Ashley He, Forever Link International and other employees with knowledge of the alleged purchase and/or sale of the disputed products;
- Echo Liu, Step Up International, Inc. and other employees with knowledge of the alleged purchase and/or sale of the disputed products;
- Carol Kang, Shoe Whatever, LLC and other employees with knowledge of the alleged purchase and/or sale of the disputed products;
- Jason Chen, JJF Shoes and other employees with knowledge of the

alleged purchase and/or sale of the disputed products.

**Key documents** on the main issues in the case of which the parties are currently aware:

- Deckers' advertising, marketing, and sales of boots bearing the trade dress at issue in this action;

- Deckers' patent registrations with regards to the patents at issue in this action;

- Samples of Accused Products offered for sale/sold by Defendant;

- Documents relevant to the calculation of damages, including those related to (a) the volume of Accused Products manufactured/caused to be manufactured and/or purchased by Defendants and the cost of said goods; (b) profits/revenues earned by Defendants from the sale of said goods;

- Documents identifying the source of the Accused Products offered for sale/sold by Defendants.

- Invoices for goods purchased by Defendants.

- The development, marketing and promotion of Plaintiff's alleged products and related trademarks / trade dress of said products.

- Evidence of confusion, if any, related to Plaintiff's products and the products sold by Defendants.

- Evidence of Plaintiff's actual damages, if any, from Defendant's alleged sales of the accused products.

- Plaintiff's prior or ongoing actions against the manufacturer of the accused products in China, knowledge of the alleged infringing products and actions to protect Plaintiff's alleged trade dress rights.

**F.   <u>DAMAGES</u>**

Deckers seeks monetary damages, attorneys' fees/costs, prejudgment and post-judgment interest, and punitive damages pursuant to the Lanham Act, the Patent Act, and California law.  Defendants dispute the nature and extent of Plaintiff's alleged

1  damages.

2  **E.    INSURANCE:**

3          Defendant Forever Link International is being provided a defense in this action

4  by State Farm General Insurance Company under a reservation of rights.

5          Defendant Step Up International, Inc. is not being provided defense in this

6  action by its insurance carrier.

7          Defendant JJF Shoes is not being provided defense in this action by its insurance

8  carrier.

9          Defendant Shoe Whatever, LLC is not being provided defense in this action by

10 its insurance carrier.

11 **G.    MOTION SCHEDULE.**

12         The Parties propose that all potentially dispositive motions shall be heard by

13 **December 24, 2018**.

14         The Parties may make motions for summary judgment/adjudication if the facts

15 warrant such a motion.  The Parties believe that the information obtained during

16 discovery will determine whether such motions are necessary.

17 **H.    MANUAL FOR COMPLEX LITIGATION**

18         The Parties do not believe that the procedures of the Manual for Complex

19 Litigation should be utilized.

20 **I.    DISCOVERY AND EXPERTS**

21         The Parties agree to conduct discovery, including the taking of depositions and

22 the propounding of interrogatories, requests for admission and document requests, in

23 accordance with the Federal Rules of Civil Procedure and the Local Rules, without

24 modification thereto.  However, nothing in this stipulation shall impair the right of any

25 party to seek departures from the Federal Rules and/or Local Rules upon a showing of

26 good cause.

27         The Parties will work together to minimize discovery disputes. In addition, the

28 Parties have agreed to service via email, with response dates extended by three days

per Fed.R.Civ.P. 6. The agreement of e-mail service provides an alternative acceptable form of service in addition to the other traditional forms of service (e.g., mail, hand delivery) that are provided for under the Rules. Should any email with attachments exceed 10 MB in size, the Parties have agreed to either (a) divide the attachments into separate emails of no more than 10 MB each, or (b) serve using one of the other traditional forms of service.

### 1.    Discovery Cut-Off

The Parties will make their Initial Disclosures no later than **April 16, 2018**. They propose a discovery cut-off date of **November 27, 2018**, such that all non-expert discovery shall be commenced in time to be completed by said date**.**

### 2.    Depositions

Deckers currently anticipates taking the following depositions:

- Person Most Knowledgeable of relevant topics, Forever Link International, Inc. pursuant to Fed.R.Civ.P. 30(b)(6)
- Person Most Knowledgeable of relevant topics, Step Up International, Inc. pursuant to Fed.R.Civ.P. 30(b)(6)
- Person Most Knowledgeable of relevant topics, Shoe Whatever, LLC pursuant to Fed.R.Civ.P. 30(b)(6)
- Person Most Knowledgeable of relevant topics, JJF Shoes pursuant to Fed.R.Civ.P. 30(b)(6)

Defendants currently anticipate taking the following depositions:

- Person Most Knowledgeable of relevant topics, Deckers Outdoor Corporation pursuant to Fed.R.Civ.P. 30(b)(6)

The Parties have not yet scheduled dates for these depositions.

### 3.    Written Discovery

The Parties anticipate issuing formal discovery requests through the use of Requests for Admission, Requests for Production, as well as Special Interrogatories on the following subjects:

(1)   Deckers' ownership and rights to the trade dress and design patents at issue in this action;

(2)   Source of the Accused Products sold by Defendants;

(3)   Factors relevant to the determination of likelihood of confusion between the parties' goods;

(4)   Issue of Damages and all factors used to determine same;

(5)   Whether Defendants acted willfully and/or with knowledge/intent;

(6)   Defendants' affirmative defenses and facts in support thereof;

(7)   Any other topics which may properly arise.

**4.   Phases/Limitation of Discovery**

The Parties agree that discovery should not be conducted in phases or limited to or focused upon particular issues. The Parties do not believe that any changes to the standard discovery rules are necessary. The Parties agree that no modification of the discovery limitations set forth in Federal Rules of Civil Procedure or the Local Rules are necessary at this time. However, the Parties reserve their right to request the Court to modify the limitations imposed by Fed. R. Civ. P. 26 and the Local Rules.

**5.   Privilege or Protection of Sensitive Information**

The Parties may enter into a suitable protective order for the production of information and/or documents containing confidential, proprietary, or private personal information.

**6.   Expert Discovery**

Unless otherwise ordered by the court, the parties will make expert disclosures at least ninety (90) days before the date set for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure. *See* Fed. R. Civ. P. 26(a)(2)(D).

**7.   Electronically-Stored Information**

All electronically-stored information that is responsive to a discovery request, or

that must be produced with a party's initial disclosures, must be produced in paper format or Portable Document Format (PDF).  The Parties have agreed that all documents and information are to be produced in paper or electronic format, but each party may request electronic copies of any paper documents produced.  Insofar as is possible with regard to the format in which electronic documents are provided, no information shall be omitted from a document as a result of the form in which the document is produced.  Such discoverable information contained electronically shall not be destroyed, deleted, or otherwise discarded.

**J.     JURY TRIAL**

The Parties have agreed to a JURY TRIAL.

**K.     LENGTH OF TRIAL**

The estimated length for trial is 5-7 court days.

Proposed Pre Trial Conference date:          **March 4, 2019**

Proposed Trial date:          **March 18, 2019**

**L.     TRIAL COUNSEL**

Trial counsel for Plaintiff Deckers Outdoor Corporation will be Brent H. Blakely and Jessica C. Covington

Trial counsel for Defendant Forever Link International, Inc. will be Jason S. Roberts and Kristen Rodriguez.

Trial counsel for Defendants Step Up International, Inc., Shoe Whatever LLC, and JJF Shoes will be Alexander Chen and Theodore S. Lee.

**M.     SETTLEMENT**

The Parties hope to settle this matter before trial, and agree to participate in a mediation before this **Court's ADR Panel**.

/ / /

/ / /

/ / /

/ / /

**RULE 26 JOINT REPORT**

**N.    MAGISTRATE JUDGE**

   The Parties do not wish to have a Magistrate Judge preside over this case.


DATED:    April 9, 2018          BLAKELY LAW GROUP


                          By:  _____
                               Brent H. Blakely_____
                               Jessica C. Covington
                               *Attorneys for Plaintiff*
                               *Deckers Outdoor Corporation*

DATED:    April 9, 2018          GRANT GENOVESE & BARATTA


                          By:  _____
                               Jason S. Roberts
                               *Attorneys for Defendant*
                               *Forever Link International, Inc.*

DATED:    April 9, 2018          INHOUSE CO.


                          By:  _____
                               Alexander Chen
                               Theodore S. Lee
                               *Attorneys for Defendants*
                               *Step Up International, Inc., Shoe*
                               *Whatever LLC, and JJF Shoes*